Taslakian v Taslakian
2026 NY Slip Op 03930
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Sela Taslakian, Respondent-Appellant,
v
Bedros Taslakian, Appellant-Respondent.

Decided and Entered: June 23, 2026
Index No. 157861/24|Appeal No. 6948|Case No. 2025-05903|
Before: Renwick, P.J., Scarpulla, González, Rodriguez, O'Neill Levy, JJ.

Swidler & Messi, LLP, South Salem (Steven A. Swidler of counsel), for appellant-respondent.
Ballon Stoll, P.C., New York (Tyler W. Fierro of counsel), for respondent-appellant.

[*1]
Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about September 23, 2025, which granted the motion of defendant Bedros Taslakian (the husband) to dismiss the complaint to the extent of dismissing the first and second causes of action, unanimously modified, on the law, to the extent of granting defendant's motion to dismiss the third and fourth causes of action in the complaint alleging violations of the New York City Victims of Gender-Motivated Violence Protection Law (Administrative Code of City of NY § 10-1101 et seq.) (GMVA), and otherwise affirmed, without costs.
Plaintiff Sela Taslakian's (the wife's) complaint does not contain factual allegations plausibly suggesting that the husband's conduct was motivated by gender-based animus (cf. Breest v Haggis, 180 AD3d 83, 94 [1st Dept 2019]). While the allegations in the complaint, if true, may describe possessive, jealous, and abusive conduct, they do not demonstrate hostility toward women as a class or otherwise reflect gender-related animus within the meaning of the GMVA (id. at 92-93). Indeed, the complaint ultimately relies on conclusory assertions that the husband acted "because of animus toward [the wife's] gender," without alleging concrete facts or statements supporting that inference. Accordingly, the husband's motion to dismiss the third and fourth causes of action alleging violations of the GMVA should have been granted. In light of the foregoing, we need not reach the parties' arguments regarding whether the wife waived her right to assert GMVA claims when she entered into the divorce settlement.
The motion court properly dismissed the first and second causes of action in the complaint arising from the alleged dissemination of an intimate audio recording (Administrative Code of City of NY § 10-180; Civil Rights Law § 52-b). Both provisions unambiguously apply only to visual depictions. Civil Rights law § 52-b repeatedly refers to "still or video image[s]," and requires that the plaintiff be "depicted" in such an image. Moreover, Administrative Code § 10-180 defines an "intimate image" as a "photograph, film, videotape, recording or any other reproduction of an image" (see also Waterbury v New York City Ballet, Inc., 205 AD3d 154, 158 [1st Dept 2022]. The foregoing terminology—"image," "depicted," "photograph," "videotape"—is plainly visual in nature and contains no reference to audio recordings, sound files, or voice recordings.
[*2]
Under settled principles of statutory interpretation, the text of the statute is the best evidence of legislative intent and "when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used" (People v Williams, 19 NY3d 100, 103 [2012] [internal quotation marks omitted]; see also Matter of Kirschner v Fisher, 117 AD3d 567, 570 [1st Dept 2014]). The wife's invitation to judicially expand the statutes to include audio recordings would effectively rewrite the statutory scheme. Significantly, the Legislature amended § 52-b in 2024 to expressly include digitized and AI-generated images yet did not include audio recordings.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026